UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                      Case No. 01-80223

JAMES MONTOYA,                          HONORABLE AVERN COHN

      Defendant .

_____/

**MEMORANDUM AND ORDER
DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF SENTENCE**

      This is a criminal case.  On December 18, 2006, defendant admitted violating the

conditions of supervised release which were part of the custodial sentence imposed on him

on December 6, 2001.[1] Particularly, defendant failed to participate in a mental health

program and failed to reside in a community corrections center.  On February 5, 2007, the

Court committed defendant to the custody of the Bureau of Prisons for 24 months with the

following recommendation:

> The defendant participate in mental health counseling.  The
> Court also recommends that defendant be placed at the
> Dickerson Correctional Facility as a Bureau of Prisons
> prisoner.  If this is not possible, in the alternative, defendant be
> placed at FMC Lexington.

      The custodial portion of the sentence exceeded the recommended guideline range.

At sentencing, defendant's counsel stated that the recommended guideline range was 12

---

[1]  The custodial sentence was 24 months; the crime to which defendant pled
guilty was bank fraud, in violation of 18 U.S.C. §1344.

to 18 months, based upon a Grade B Violation and Criminal History of IV.  Defendant's counsel now says the guideline range in is 6 to 12 months, based on a Grade C Violation and a Criminal History Category of IV.

Before the Court is defendant's Motion for Reconsideration of Sentence on the grounds that defendant's counsel erred at sentencing in stating the recommended guideline range was 12 to 18 months.  Defendant asks for reconsideration to the extent that the Court relied on defendant's counsel's statement regarding the 12 to 18 months, rather than the 6 to 12 months, in imposing the 24 month sentence.

Three factors motivated the 24 month sentence.  None of the factors are affected by a 6 month or 12 month departure from the recommended guideline range.

First, the violations were not technical.  The violations reflected the inability of defendant to adjust to the semi-structured environment which the conditions of supervised release called for.

Second, defendant has shown by his conduct that he needs intensive long-term mental health counseling.  This form of counseling is only available to him in a custodial environment.

Third, defendant has no roots in the community, and without a substantial improvement in his mental health will not function in the community.

The two years of custody (which is somewhat less because of the length of time defendant was in custody prior to sentencing) will give defendant the opportunity upon release for an ability to function in the community.

It is for these reasons that the motion for reconsideration is DENIED.

SO ORDERED.


 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  February 15, 2007


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, February 15, 2007, by electronic and/or ordinary mail.


 s/Julie Owens
Case Manager, (313) 234-5160